UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD DURKIN,

    Petitioner,

v.                                                                                  Case No.  8:10-cv-1642-T-17EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Durkin's amended 28 U.S.C. § 2254 petition for writ of habeas corpus. Durkin is represented by retained counsel. Respondent responded to the petition on October 26, 2010. (Doc. 6).  Durkin's counsel did not file a reply, although the Court allowed him 90 days to do so. (See Doc. 4).  The petition attacks Durkin's convictions for six counts of lewd and lascivious molestation in violation of section 800.04(5)(c)(2), Florida Statutes (2000), rendered in the Twelfth Judicial Circuit in and for Sarasota County, Florida in state circuit case number 01-5435- CF.

A review of the record demonstrates that, for the following reasons, the petition must be denied.

## PROCEDURAL HISTORY

On May 16, 2001, Durkin was charged by Information with four counts of sexual battery with a child by a person in familial authority, which is a first degree felony (Counts I-IV), and two counts of lewd and lascivious molestation, which is a second degree felony (Counts V and VI). (Exh 1: R 69-74).  On December 13, 2001, Durkin appeared before the

Honorable Robert B. Bennett, Jr., Circuit Judge, to enter an open plea of nolo contendere to the offenses charged in the Amended Information. (Exhibit 2: Plea Hearing). Durkin was represented by private counsel, Derek Byrd, Esquire. On that same date, the State amended the Information by dropping the sexual battery charges in Counts I-IV to charges of lewd and lascivious molestation. (Exh 1: R 79-83). Durkin signed a written waiver of rights form. (Exhibit 3). The court conducted a plea colloquy. After a discussion of the rights Durkin was waiving by entering the plea, the court asked Durkin if he was under the influence of alcohol or drugs of any kind, including prescription medications, to which Durkin responded, "No, sir." (Exh 2 at p. 5). Durkin also answered, "No, sir" when the court asked if he had ever been treated for mental illness or disease. Id. During the hearing, the prosecutor advised the court:

> ASSISTANT STATE ATTORNEY: Your Honor, the six counts that the original prosecutor charged dealt with just July of 2000. It's my understanding and my agreement with Mr. Byrd [defense counsel] that because we did not file additional counts, that at a sentencing hearing we are allowed to argue to the Court about the other acts that were not charged as part of the -- our recommendation to the Court in imposing a sentence.

(Exh 2 at pp. 7-8). Defense counsel told the court, "We've discussed that." Id. at p. 8. The prosecutor gave a factual basis for the charges. Id. at pp. 9-11. The court accepted Durkin's plea as freely and voluntarily entered and adjudicated Durkin guilty on all six counts. Id. at p. 11.

On February 22, 2002, a sentencing hearing was held before Judge Bennett. (Exhibit 4). Durkin was facing a sentencing range of 25.5 years to 90 years in prison. Defense counsel sought a downward departure sentence. To that end, the defense presented four witnesses, including Ronald Durkin. The State presented three witnesses,

including the victim. The State asked the court to impose a 40-year sentence.

Of particular relevance in this case, the defense called Dr. Eddy Regnier, a psychologist, to testify about his treatment and evaluation sessions with Durkin for several months prior to the Case plea. Dr. Regnier was treating Durkin for depression and anxiety. During the course of that treatment, Durkin and Dr. Regnier discussed the crimes for which Durkin was charged. At one point, during direct examination, Dr. Regnier testified as to his impression of Durkin, stating: "He's an opportunist in the sense that he's a pedophile that engages in the pedophilia act inside the family in an incestual way." Exh 4 at p. 12. Dr. Regnier also acknowledged that he read a statement in the presentence investigation report where Durkin said "something to the effect of, if this were to happen again, I'm not so sure I could stop it nor want to." Id. at p. 11. On cross-examination, Dr. Regnier agreed with the prosecutor that there is no known cure for pedophilia. Id. at p. 19. When asked if he was aware that Durkin had homosexual tendencies, Dr. Regnier responded, "I don't think he has -- yes, I think that Mr. Durkin is, is a pedophile, but I also think he's a homosexual or bisexual and he has -- the homosexual side of him is dormant until awakened by some stimulation." Id. at pp. 19-20.

After hearing the testimony of the witnesses and entertaining argument of counsel, the court stated that a downward departure sentence was not appropriate in this case, and sentenced Durkin as follows: On Count I, 15 years incarceration; Count II, ten years incarceration consecutive to Count I; Count III, 15 years incarceration concurrent with Count I; Count IV, ten years incarceration concurrent with Count II, and consecutive to the sentences in Count I and Count III; Count V, five years incarceration consecutive to Counts I and II; and Count VI, five years incarceration concurrent with Count V, and consecutive

to the sentences in Counts I and II. The total sentence was thirty (30) years in prison. (Exh 1: R 97-104).

Durkin pursued a direct appeal. His appellate counsel, Assistant Public Defender Timothy J. Ferreri, filed an Anders brief stating he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 5). Counsel invited the appellate court's attention to one potential issue for review:

Issue I

DID THE TRIAL COURT ERR IN SENTENCING THE APPELLANT?

The appellate court allowed Durkin to file a supplemental pro se brief, but he failed to do so. (Exhibit 6: Docket). The State then filed its answer brief, agreeing that no meritorious issues existed. (Exhibit 7). On March 14, 2003, in Case No. 2D02-1144, the Second District Court of Appeal filed a per curiam unwritten affirmance of Durkin's judgment and sentence. (Exhibit 8). *Durkin v. State*, 847 So. 2d 467 (Fla. 2d DCA 2003)[table]. The mandate issued April 8, 2003. (Exhibit 9).

On April 2, 2004, through retained counsel, Durkin filed a Motion for Postconviction Relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 10). The motion presented two grounds for relief:

Ground One

MR. DURKIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY MISADVISED HIM ON THE AMOUNT OF TIME TO WHICH HE WOULD BE SENTENCED IN THIS CASE.

Ground Two

MR. DURKIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY MISADVISED HIM ON THE MAXIMUM AMOUNT OF TIME TO WHICH HE COULD BE SENTENCED IN THIS CASE.

The postconviction court summarily denied the motion on April 16, 2004. (Exhibit 11). Durkin appealed the adverse ruling. His attorney filed an initial brief, arguing the trial court erred when it summarily denied the Rule 3.850 motion without an evidentiary hearing. (Exhibit 12). Because of the summary nature of the proceeding, the State was not required to file an answer brief and did not do so. (Exhibit 13). On December 29, 2004, in Case No. 2D04-2231, the Second District Court of Appeal of Florida filed a per curiam unwritten opinion affirming the trial court's order denying the motion for postconviction relief. (Exhibit 14). *Durkin v. State*, 892 So. 2d 1025 (Fla. 2d DCA 2004). The mandate issued January 24, 2005. (Exhibit 15).

**Motion for Postconviction Relief Based on Newly Discovered Evidence**

On February 7, 2008, Durkin, pro se, filed a Rule 3.850 motion for postconviction relief based upon newly discovered evidence. (Exhibit 16). The alleged newly discovered evidence consisted of an evaluation summary prepared by psychologist Eddy Regnier on October 17, 2007. (Exhibit 17). Durkin alleged the psychological report and diagnosis was made after his attorney advised Durkin to retain a psychologist as an expert to assist Durkin on his case. Durkin contends he pled to the charges not knowing the specific diagnosis of pedophilia with anxiety and depression and had he known about the report and the diagnosis he would not have entered his plea. Rather, Durkin claimed, he would have gone to trial with a mental infirmity defense and would have been acquitted. Durkin alleged further that he was not able to discover the report because counsel told him that the expert did not diagnose him with a mental infirmity and that his subsequently-retained attorney advised him that there was no report in existence.

Durkin claimed that it was not until October 17, 2007, that the report was made

available to him after he made a complaint to the Department of Business and Professional Regulation concerning the psychologist's failure to answer Durkin's and his family's repeated attempts to obtain the report. Durkin also argued in his postconviction motion that he was on various psychological medications at the time of the plea and therefore, his plea was rendered involuntary.

On February 19, 2008, the state court issued an order (Exhibit 18) summarily rejecting Durkin's newly discovered evidence allegation for the following reasons:

> The Defendant's Motion is denied. The Defendant's claim is refuted by the testimony of Dr. Eddy Regnier at sentencing in this case. (See attached Tr. 9-14). Dr. Regnier testified on behalf of the Defendant at sentencing and specifically told the court about his diagnosis of the Defendant as a pedophile with depression and anxiety. Clearly, because Dr. Regnier testified at the sentencing hearing, the psychological report cannot be considered "newly discovered" evidence. The Defendant's claim fails because the asserted facts "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or his counsel could not have known them by the use of diligence." *Miller v. State*, 926 So. 2d 1243, 1258 (Fla. 2006)(quoting *Scott v. Dugger*, 604 So. 2d 465, 468 (Fla. 1992).

(Exh 18 at pp. 2-3).

Durkin appealed the adverse ruling. His retained counsel, Frank G. Fernandez, Esquire, filed an initial brief raising two issues:

### Issue I

The Trial Court erred in its summary denial of the Appellant's 3.850 motion.

### Issue II

The Trial Court erred in not addressing the allegation regarding the Appellant's plea being involuntary.

(Exhibit 19).

Because of the summary nature of the proceeding, the State did not file an answer

brief. On December 5, 2008, in Case No. 2D08-1112, the appellate court filed a silent per curiam opinion affirming the denial of the motion for postconviction relief. (Exhibit 20). Durkin's counsel filed a motion for rehearing and request for written opinion. (Exhibit 21). On March 11, 2009, the appellate court issued an order denying the motion for rehearing. However, the court withdrew its earlier decision and substituted a written opinion explaining its reasons for affirming the trial court's order denying relief. (Exhibit 22). *Durkin v. State*, 37 So. 3d 264 (Fla. 2d DCA 2009). The district court of appeal agreed that the psychological evaluation summary was not newly discovered evidence, and also noted that the involuntary plea claim based on the alleged effects of psychotropic medication at the time of the plea was not based on an allegation of newly discovered evidence and was therefore time-barred. The court's mandate issued March 27, 2009. (Exhibit 23).

Durkin sought discretionary relief in the Florida Supreme Court. (Exhibit 24). Both Durkin, pro se, and the State filed briefs on jurisdiction. (Exhibits 25 and 26, respectively). On July 24, 2009, in Case No. SC09-569, the Florida Supreme Court filed an order declining to accept jurisdiction. (Exhibit 27). *Durkin v. State*, 15 So. 3d 580 (Fla. 2009)[table].

### Rule 3.800(a) Motion to Correct Illegal Sentence

On June 28, 2009, Durkin filed a pro se motion to correct illegal sentences pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 28). The state postconviction court rendered an order summarily denying Durkin's sentencing claim on August 7, 2009. (Exhibit 29). According to the circuit court docket, Durkin did not appeal this ruling. (Exhibit 30).

### III. THE PRESENT PETITION

The present § 2254 petition was filed by Durkin's attorney, Frank G. Fernandez, Esquire, on July 23, 2010. (Doc. 1) The amended petition was filed by Mr. Fernandez on July 26, 2010. (Doc. 2). The amended petition presents the following ground for relief:

### GROUND ONE

THE FLORIDA COURT'S DENIAL OF MR. DURKIN'S CLAIM THAT HIS CONVICTION OBTAINED BY PLEA WAS NOT VOLUNTARY AS HE WAS NOT AWARE OF THE MEDICAL REPORT OF DR. EDDY REGNIER WHICH DIAGNOSED PETITIONER WITH A RECOGNIZED MENTAL INFIRMITY RESULTED IN A DECISION THAT WAS CONTRARY TO OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AND/OR RESULTED IN A DECISION THAT WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED.

### THE PETITION IS TIME-BARRED

The instant petition is time-barred pursuant to 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Durkin's judgment became final on **June 12, 2003**, ninety (90) days after his judgment and sentence were affirmed on appeal on March 14, 2003. *See Bond v. Moore,* 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued). Therefore, absent any collateral tolling applications filed in the state courts, Durkin had until June 12, 2004, to file the § 2254 habeas petition in this Court.

Subsection (2) of § 2244(d) provides that the "time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Durkin properly filed a Rule 3.850 motion for postconviction relief in the trial court on **April 2, 2004**, after **295** days of the limitations period elapsed. That proceeding was pending until **January 24, 2005**, when the mandate issued in the postconviction appeal. The limitations period expired seventy (70) days later, on April 4, 2005. However, it was not until approximately three years (**1109** days) later that Durkin filed his motion for postconviction relief upon newly discovered evidence on **February 7, 2008**.

Because the second collateral motion was filed after expiration of the one year period, neither that motion nor any subsequent collateral applications, even if properly filed, acted to toll the statutory limitations period. In *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker*, 255 F.3d at 1333. Moreover, there is an additional period of **319** days during which no properly filed application for collateral relief was pending, from the date of finality of the motion to correct sentence on **September 7, 2009**, and the filing of the original federal petition on **July 23, 2010**. Consequently, the federal petition was filed well beyond the one-year limitation period and must be dismissed as time-barred.

## EQUITABLE TOLLING

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). *See also, Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.")(citation and internal quotations omitted). However, Durkin has not argued, much less shown, that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. Thus, Durkin is not entitled to the benefit of equitable tolling.

**PROCEDURAL DEFAULT**

Moreover, Durkin's claim is unexhausted and procedurally barred because it was not properly presented to the state court in a timely Rule 3.850 motion for postconviction relief. Durkin's attempt to avoid the two-year time limit in Rule 3.850 proceedings failed because the state court found his evidence was not newly discovered and therefore it did not constitute an exception to the time limitation on filing. See Fla.R.Crim.P. 3.850(b)(1). The state court's conclusion that Durkin's evidence was not newly discovered is supported in the record. A review of the sentencing proceeding reveals that Durkin had been evaluated by Dr. Regnier several times during months prior to the sentencing hearing, and was called to testify at the sentencing hearing by defense counsel for the purpose of offering evidence to mitigate Durkin's sentence. Dr. Regnier clearly described Durkin as a pedophile at least twice during his testimony. (Exh 4 at pp. 12, 19-20). Under state law, the evidence (consisting of Dr. Regnier's evaluation summary) was not newly discovered because the asserted facts were known by the trial court, the party, or by defense counsel at the time of trial or could have been discovered by the exercise of diligence.

Durkin did not raise his involuntary plea claim in a procedurally correct manner in the state court, and such claim is now procedurally barred. "[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default," *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Durkin does not meet the cause and prejudice or fundamental miscarriage of justice exceptions to lift the state procedural bar. He does not suggest the existence of new and reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Finally, because Durkin's claim of involuntary plea based on his alleged lack of knowledge that he had been diagnosed as a pedophile was not properly presented to the state court for review, the postconviction court was not obligated to adjudicate the merits of the claim and did not do so. Therefore, analysis of the state court's decision for reasonableness under 28 U.S.C. § 2254(d) and (e) is not warranted. Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Accordingly, the Court orders:

That Durkin's petition is denied.  The Clerk is directed to enter judgment against Durkin and to close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 3, 2011.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record